**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| KEITH BECKHAM., | : | |
| Plaintiffs, | : | |
| vs. | : | 1:04-CV-123 (WLS) |
| EARLY BANKSHARES, INC., d/b/a BANK OF EARLY; DAWSON COUNTRY CLUB, INC., "BUTCH" WIGGINS and MIKE MONTGOMERY, | : | |
| Defendants. | : | |

_____

**ORDER**

Pending before the Court is Plaintiff's motion for reconsideration. (Doc. No. 71). Plaintiff argues for reconsideration of his Title VII and § 1981 claims in light of the recently decided Eleventh Circuit case of Tucker v. Talladega City Schools & Messer, 2006 U.S. App., LEXIS 6825 (11th Cir., March 20, 2006). Defendant Bank of Early opposes said motion on the basis that the new case supports this Court's decision.

In the motion for order on Defendants' motion for summary judgment this Court found that Title VII and § 1981 only provided protection for an employee that complained, or otherwise engaged in protected conduct, about conduct of the employer, not a third party unrelated to the employer.. See, Little v. United Technologies, 103 F.3d 956 (11th Cir. 1997). In the case at bar, Plaintiff allegedly complained about the conduct and membership practices of Defendant Dawson Country Club and was allegedly terminated by the Bank for those comments. The record does not establish that any of Defendant Early Bankshares employees were subjected to any alleged discrimination by the Dawson Country Club or by Early in any context related to the Dawson Country Club. Beckham may have been engaged in speech, but that speech was not in furtherance of the mandate of the civil rights laws in protecting the rights of Early employees.

The Tucker case, decided a few days before the Court issued its order on the motions for

1

summary judgment, does not change this analysis.  In Tucker, the Plaintiff engaged in protected conduct of complaining about the treatment of racial minorities by Plaintiff's employer, the Talladega City School System, not a third party.  Tucker clearly follows the reasoning of Little, and does not extend it to cover employees that suffer an adverse employment action when they complain about the actions of third parties.  Therefore, Plaintiff's motion for reconsideration (Doc. No. 71) is **DENIED.**

      **SO ORDERED**, this   20th   day of October, 2006.

                                      /s/W. Louis Sands
                                  **W. LOUIS SANDS,  JUDGE**
                                  **UNITED STATES DISTRICT COURT**